**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DELBERT WOODRUFF, JR.,

        Petitioner,

                                    CASE NO. 05-CV-74623-DT

v.                                  HONORABLE ARTHUR J. TARNOW

BLAINE LAFLER,                    UNITED STATES DISTRICT JUDGE

_____/

### OPINION AND ORDER DENYING THE
### PETITION FOR WRIT OF HABEAS CORPUS

Delbert Woodruff, Jr., ("petitioner"), presently confined at the St. Louis

Correctional Facility in St. Louis, Michigan, has filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for forty

eight counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a) and (b).

For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Tuscola

County Circuit Court.  The relevant facts regarding petitioner's conviction are set forth in

the Michigan Court of Appeals' opinion affirming his conviction, which are presumed

correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich.

2001):

> Defendant and his wife divorced in 1995 when their daughter (the victim) was
> six years old.  After the divorce, the victim and her brothers lived with their
> mother on schooldays but lived with defendant during the summer and from
> Friday to Monday during the school year.  The victim stated that defendant
> first had sex with her when she was eight years old.

1

*Woodruff v. Lafler,* 05-CV-74623-DT

Defendant's former girlfriend testified that defendant's bedroom windows were covered with black plastic, duct tape, and comforters. Christopher Virant testified that he was defendant's roommate. During that time, a tent was set up 25 or 30 feet from the house, and defendant and the victim often slept in the tent. According to the victim, she and defendant slept alone in the tent most of the time although she had a bedroom in the house.

The victim estimated that defendant put his penis inside her vagina at least forty times that summer. She stated that defendant continued to have sex with her while she slept in his room from fall 2001 to March 2002. According to Virant, the victim slept in defendant's bedroom with defendant the entire time Virant lived with defendant in 2002. The victim estimated that from March 26, 2002 when she turned thirteen to May 2002 defendant put his penis in her vagina approximately 10 to 15 times.

According to defendant, however, he never had sex with his daughter. Defendant claimed that his roommates threatened to ruin his life after he kicked them out of the house because of a dispute over pop bottles. Virant testified that he waited approximately one week after moving out before he contacted the Family Independence Agency and the Michigan State Police around May 14, 2002. Michigan State Police Detective Sergeant Allen Ogg, who interviewed defendant, testified that defendant changed his story several times but eventually stated that he got drunk one or two times a month and could have had sex with his daughter while drunk without remembering.

According to Ogg, when he asked defendant why his daughter claimed he had sex with her twice a week, defendant replied that he had been drinking a lot more since his girlfriend left. According to defendant, however, he thought he was answering questions about his drinking, and he was confused by the questions because Detective Ogg was yelling at him. Dr. Harry Frederick, M.D. testified that when he examined the victim on May 24, 2002, she had a cleft formation in her hymen that indicated previous penetration consistent with sexual abuse.

*People v. Woodruff,* No. 247897, * 1-2 (Mich. Ct. App. June 15, 2004).

Petitioner's convictions were affirmed on appeal. *Id., lv. den.* 472 Mich. 861, 692 N.W.2d 387 (2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

*Woodruff v. Lafler,* 05-CV-74623-DT

I. When the jury had two substantive questions and the trial court answered them in written form after "extensive debate" and no court record was made of either the alleged debate nor of the response to the jurors' questions the defendant must be granted a new trial since he was denied his constitutional right to a fair trial.

II. Defendant Woodruff was denied his right to a fair trial by the prosecutor's misconduct when he argued in closing the defendant was the "worse type of child molester," that he was a "liar", and in rebuttal a "monster".

III. The joinder of forty eight counts of criminal sexual conduct for trial violated the defendant's due process rights pursuant to the US Constitution, Amendment XIV; MCR 6.120 and right to a fair trial.

## II.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-

3

*Woodruff v. Lafler,* 05-CV-74623-DT

06 (2000).  An "unreasonable application" occurs when "a state court decision
unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."
*Id.* at 409.  A federal habeas court may not "issue the writ simply because that court
concludes in its independent judgment that the relevant state-court decision applied
clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

**A.  The incomplete record claim.**

Petitioner first claims that the trial court failed to transcribe or to include in the
court record two supplemental jury instructions that were given in response to two
questions from the jury after deliberations had started.

Petitioner's appellate counsel claimed that she ordered a copy of the lower court
file and could not find the copies of any supplemental instructions that the jurors were
allegedly given in response to their questions.  Appellate counsel also claimed to have
retained the services of an investigator, who allegedly signed an affidavit to the effect
that he reviewed the trial court file and was unable to locate either the jurors' questions
or the answers to the questions.  However, the only affidavit which has been provided
to this Court by petitioner is unsigned as was the affidavit that appellate counsel
attached to her brief on appeal in the Michigan Court of Appeals. [1]

In response to this allegation, Respondent claimed that he located a document
in the Michigan Court of Appeals' file which was found among the trial exhibits.  This

---

[1] *See* "Affidavit of Fact", part of this Court's Docket Entry # 20-3.

4

*Woodruff v. Lafler,* 05-CV-74623-DT

document purported to reflect the jurors' questions and the trial court's answer to the
questions:

> Question: What is the difference between under 13 years old and over 13
> years of age?
>
> Answer: Counts 41-48 require the proof of the additional element that the
> defendant was related to the victim.  If the victim was under 13, there
> would be no necessity of that proof.
>
> Question: Does each count define one act of penetration?
>
> Answer: Each count represents a separate incident of penetration. [2]

The Michigan Court of Appeals rejected petitioner's claim, essentially finding
that these supplemental instructions were made a part of the record and that the two
instructions were a correct statement of the law. *People v. Woodruff,* Slip. Op. at * 2-3.

A federal court must apply the presumption of correctness to state court findings
of fact for habeas corpus purposes unless clear and convincing evidence is offered to
rebut this presumption. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001).  A state
appellate court's findings of fact are also entitled to the presumption of correctness.
*Martin v. Rose*, 744 F. 2d 1245, 1252 (6th Cir. 1984).  The presumption of correctness
also applies to implicit findings of fact. *See McQueen v. Scroggy*, 99 F. 3d 1302, 1310
(6th Cir. 1996).

The presumption of correctness accorded to state court factual findings under
the Antiterrorism and Effective Death Penalty Act (AEDPA) extends to factual findings

---

[2] *See* Plaintiff-Appellee's Brief on Appeal, pp. 5-6 and Appendix A, part of this
Court's Docket Entry # 20-1.

5

*Woodruff v. Lafler,* 05-CV-74623-DT

made by state appellate courts on the basis of their review of trial court records. *See*

*Hardaway v. Withrow,* 305 F. 3d 558, 563 (6th Cir. 2002). Thus, a state appellate

court's factual determination that a jury received certain instructions from the trial court

is entitled to the presumption of correctness. *Id.* at pp. 563-64.

In the present case, the Michigan Court of Appeals found, at least implicitly, that

the supplemental instructions had been made a part of the record. The unsworn and

unsigned affidavit that petitioner has attached to his petition is insufficient to overcome

the presumption of correctness that attaches to state court factual determinations. *See*

*e.g. Burket v. Angelone,* 37 F. Supp. 2d 457, 468 (E.D. Va. 1999).

In the present case, the fact that the jurors' two questions and the trial court's

supplemental instructions to the jury were never transcribed did not deny petitioner his

due process right to a meaningful appeal, because petitioner does not allege that the

trial court's supplemental instructions were erroneous or prejudicial to petitioner. *See*

*Jackson v. Renico,* 179 Fed. Appx. 249, 252 (6th Cir. 2006). Accordingly, petitioner is

not entitled to habeas relief on this claim.

Petitioner also claims that his right to be present at all critical stages of the

prosecution was violated when he was absent from the in-chambers conference where

the jury's questions and the responses to those questions was discussed. It is unclear

whether petitioner fairly presented this claim to the Michigan Court of Appeals, because

appellate counsel did not include petitioner's claim that he was absent from the jury

conference in her statement of questions in her brief on appeal. M.C.R. 7.215(C)(5)

requires a statement of the questions involved, with each issue for appeal separately

6

*Woodruff v. Lafler,* 05-CV-74623-DT

numbered. *See Dando v. Yukins,* 461 F. 3d 791, 797 (6th Cir. 2006).  However,

because petitioner's claim that he was not present from the in-chambers conference on

the jury questions and the supplemental jury instructions could be "effectively

inseparable" from his claim that the court failed to include the supplemental jury

instructions in the record, "it is far from clear" that petitioner would have had to

separately number it in his brief to meet the requirements of M.C.R. 7.215(C)(5). *Id.*

The Court will therefore address the merits of this claim.

A defendant has a constitutional right to "be present at any stage of the criminal

proceeding that is critical to its outcome if his presence would contribute to the fairness

of the procedure." *Kentucky v. Stincer,* 482 U.S. 730, 745 (1987).  However, the U.S.

Constitution "does not require the defendant to be present when his 'presence would

be useless, or the benefit but a shadow'". *Cathron v. Jones,* 190 F. Supp. 2d 990, 1001

(E.D. Mich. 2002)(*quoting Snyder v. Massachusetts,* 291 U.S. 97, 106-107 (1934);

*overruled on other grds by Malloy v. Hogan,* 378 U.S. 1 (1964)); *see also United States

v. Brika,* 416 F. 3d 514, 526 (6th Cir. 2005)(citing Supreme Court authority and finding

that a defendant's absence from the re-reading of previously given jury instructions did

not thwart a fair trial).  A defendant's presence at a hearing is "largely a matter of form"

when a defendant's lawyer is present at proceedings which raise largely legal issues.

*Cathron,* 190 F. Supp. 2d at 1001-1002 (*quoting Fisher v. Roe,* 263 F. 3d 906, 916 (9th

Cir. 2001)).

Petitioner's claim fails for two reasons.  First, petitioner has offered this Court no

evidence that the trial court purposefully excluded him from attending this conference.

7

*Woodruff v. Lafler,* 05-CV-74623-DT

*See e.g. Cardinal v. Gorczyk,* 81 F. 3d 18, 20 (2nd Cir. 1996).   More importantly,

petitioner was not deprived of due process by his absence from the in-chambers

conference on the issue of how to respond to the jurors' questions, because jury

instruction conferences typically encompass purely legal issues and are attended only

by the judge and counsel without the parties being present. *See Larson v. Tansy,* 911

F. 2d 392, 395 (10th Cir. 1990); *Schad v. Schriro,* 454 F. Supp. 2d 897, 950-51 (D.Ariz.

2006).  Likewise, a criminal defendant's absence from an in-chambers conference in

which the trial court and counsel discuss how to respond to a deliberating jury's

question does not violate a criminal defendant's right to be present. *See Buell v.*

*Mitchell,* 274 F. 3d 337, 363-64 (6th Cir. 2001).  This is particularly so where the

defendant's counsel agrees to the answer given to the jury, as was the case here. *Id.*

Petitioner is not entitled to habeas relief on his first claim.

### B.  The prosecutorial misconduct claim.

Petitioner next contends that the prosecutor committed misconduct by calling

petitioner a liar, a "monster", and the "worst type of child molester" during his closing

argument.

When a petitioner seeking habeas relief makes a claim of prosecutorial

misconduct, the reviewing court must consider that the touchstone of due process is

the fairness of the trial, not the culpability of the prosecutor.  On habeas review, a

court's role is to determine whether the conduct was so egregious as to render the

entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F.3d

1348, 1355-56 (6th Cir. 1993).  In evaluating prosecutorial misconduct in a habeas

8

*Woodruff v. Lafler,* 05-CV-74623-DT

case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Id.*

If a defendant testifies, a prosecutor may attack his credibility to the same extent as any other witness. *See, United States v. Francis,* 170 F. 3d 546, 551 (6th Cir. 1999). A prosecutor may argue that a defendant is lying during her closing argument "when emphasizing discrepancies between the evidence and that defendant's testimony." *Id.* To avoid any impropriety, however, the prosecutor's comments must "reflect reasonable inferences from the evidence adduced at trial." *Id.* (internal quotation omitted).

In the present case, the prosecutor's comments about petitioner being a liar were made when the prosecutor was comparing petitioner's testimony with the testimony of the other witnesses.  The prosecutor's remarks reflect reasonable inferences from evidence adduced at trial, and thus it was not improper for the prosecutor to suggest that petitioner was lying. *See United States v. Johnson,* 169 Fed. Appx. 946, 950 (6th Cir. 2006); *cert. den.* 126 S. Ct. 2947 (2006).

Petitioner further claims that the prosecutor committed misconduct by referrring to him as "a monster" and the "worst type of child molester."  While such comments may have been inappropriate, they were brief and isolated and part of a larger twenty

9

*Woodruff v. Lafler,* 05-CV-74623-DT

seven page closing argument. [3]  In addition, the trial court instructed the jurors that

they should not let sympathy or prejudice influence their decision and further

admonished them that the lawyers' arguments and statements were not evidence. [4]

Finally, there was compelling evidence against petitioner.  In light of the isolated nature

of the prosecutor's remarks, the trial court's cautionary instructions, and the amount of

evidence against petitioner in this case, the prosecutor's remarks that petitioner was a

"monster" and "the worst type of child molester" did not so infect the trial as to deprive

petitioner of due process. *See Kellogg v. Skon,* 176 F.3d 447, 451-52 (8th

1999)(prosecutor's improper closing argument references to petitioner as "monster,"

"sexual deviant," and "liar" did not make entire trial fundamentally unfair and thus did

not warrant federal habeas corpus relief; trial court instructed jury to base its decisions

on the evidence and that counsel's arguments were not evidence, comments did not

manipulate or misstate the evidence, nor implicate other specific rights of petitioner,

and weight of evidence was heavy).  Petitioner is not entitled to habeas relief on his

second claim.

    **C.  The ineffective assistance of counsel claim.**

Petitioner lastly contends that he was deprived of the effective assistance of trial

counsel because his counsel failed to challenge the joinder of the various criminal

sexual conduct charges by filing a motion for severance pursuant to M.C.R. 6.120(B) or

---

[3]  T. III, pp. 21-37; 49-57.

[4]  *Id.,* pp. 59, 61.

*Woodruff v. Lafler,* 05-CV-74623-DT

(C).

The Michigan Court of Appeals held that petitioner did not have a right to mandatory severance pursuant to M.C.R. 6.120(B), because petitioner "continuously used the same victim for sexual gratification."  Therefore, these offenses were all related because they involved a single scheme or plan. *Woodruff,* Slip. Op. at * 4. Although severance is permissible pursuant to M.C.R. 6.120(C) if it promotes a fair determination of petitioner's guilt or innocence, the Michigan Court of Appeals noted that the trial court never had the opportunity to make this determination, because it was not requested. *Id.*  Nevertheless, the Michigan Court of Appeals held that petitioner had not demonstrated that his substantial rights had been affected, because the sexual offenses involved the same minor victim, committed for a number of years, and would have been admissible pursuant to M.C.L.A. 768.27 and M.R.E. 404(b) to show a system, plan, or scheme. *Id.* at * 5.

The Michigan Court of Appeals noted that petitioner was not prejudiced by joinder of the different sexual assault cases, because evidence of the various incidents could have been cross-admissible at separate trials as "other acts" evidence pursuant to M.R.E. 404(b).  This is a finding that is presumed correct on habeas review. *See Wharton-El v. Nix,* 38 F. 3d 372, 375 (8th Cir. 1994).  Because the evidence of the separate sexual assaults could have been admissible as 404(b) evidence in the separate trials of any of these counts, petitioner has failed to show that he was prejudiced by trial counsel's failure to move for severance of the charges. *See United States v. Jackson,* 6 F. 3d 911, 921-22 (2nd Cir. 1993); *See also Krist v. Foltz,* 804 F.

11

*Woodruff v. Lafler,* 05-CV-74623-DT

2d 944, 947-48 (6th Cir. 1986)(while joinder of two robbery counts may have been

improper, similarity in details of two robberies and their closeness in time would have

made evidence of one crime admissible at separate trial of the other; therefore,

petitioner suffered no prejudice from his counsel's failure to move for severance).

Petitioner is therefore not entitled to habeas relief on his final claim.


## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas

corpus is **DISMISSED WITH PREJUDICE.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  February 14, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record
on February 14, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

12